UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN MAUS,

        Plaintiff,

        v.                                        Case No. 25-cv-1146-bhl

STEPHANIE OLMSTED,

        Defendant.

## SCREENING ORDER

On August 4, 2025, Plaintiff, Brian Maus, proceeding without an attorney, filed a civil rights complaint and a motion to proceed *in forma pauperis* (IFP). (ECF Nos. 1 & 2.) Maus's complaint alleges that Defendants Stephanie Olmsted, LeeAnn Raab, Dana Wszalek, Michelle Hubbard, and others, have conspired to wrongfully accuse him of sexual misconduct. (ECF No. 1.) Maus followed his initial complaint with a series of additional filings, in which he requests various forms of relief: a temporary restraining order, the removal of a case he has pending in state court, an order allowing him to leave Langlade County, an order through which the Court would take jurisdiction over his pending state court cases, a motion to stay his parole, and a motion to appoint standby counsel. (ECF Nos. 3–5, 11–13.) Maus then filed an amended complaint on September 5, 2025. (ECF No. 14.) Magistrate Judge Dries screened and dismissed Maus's amended complaint without prejudice, denied his other motions, did not rule on his motion to proceed IFP, and granted Maus leave to file a second amended complaint. (ECF No. 16.) Maus then filed a second amended complaint and a motion for a temporary restraining order. (ECF Nos. 17 & 18.) On October 3, 2025, Magistrate Judge Dries recommended the matter be dismissed as frivolous and for failing to state a claim. (ECF No. 19.) The case is now on referral for consideration of the magistrate judge's recommendation.

Since being referred to a District Judge, Maus has made further filings in this case. He has filed an objection to the Court's jurisdiction, (ECF No. 20), another motion for a temporary restraining order, (ECF No. 21), a motion to appoint counsel, (ECF No. 22), a third amended

complaint without leave of the Court, (ECF No. 23), a motion to transfer (ECF No. 24), and a motion for reconsideration and objection to Judge Dries's September 22, 2025 Order, (ECF No. 25). The Court will adopt Magistrate Judge Dries' recommendation that the case be dismissed as frivolous and will also deny Maus's subsequently filed motions.

## IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). Maus's IFP application includes information about his finances and is signed under penalty of perjury. (ECF No. 2 at 2.) He states that he has no assets, is not employed, but receives food stamps and welfare benefits. (*Id.* at 1.) The application does not specify the amount he receives in benefits. (*Id.*) He also states that he has no monthly expenses but does have a financial obligation related to suing Langlade County. (*Id.* at 2.) Based on these sworn assertions, the Court concludes that Maus lacks sufficient resources to pay the filing fee and will grant his motion to proceed IFP.

## SCREENING THE COMPLAINT

The Court will not consider Maus's third amended complaint. In his screening order, Magistrate Judge Dries granted Maus leave to file another amended complaint before October 15, 2025. (ECF No. 16.) Maus then filed his second amended complaint on September 22, 2025, and his third amended complaint on October 22, 2025. (ECF Nos. 17 & 23.) As Maus had already amended his complaint following the order, and did not mail his third amended complaint until October 16, 2021, (ECF No. 23-2), he did not comply with the deadline set in the earlier screening order. A party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1)(A). Outside of this 21-day period, a party may amend its pleading only with the opposing party's written consent, or the court's leave. Fed. R. Civ. P. 15(a)(2). Maus did not seek the Court's consent to file yet another amended pleading and has already amended his pleadings multiple times.

The Magistrate Judge's report and recommendation are adopted, and the case is dismissed with prejudice. Maus's pending motions are denied as moot.

Accordingly,

**IT IS ORDERED** that Maus's Motion to Proceed IFP, ECF No. 2, is granted.

**IT IS FURTHER ORDERED** that Magistrate Judge Dries's Report and Recommendation, ECF No. 19, are adopted, and Maus's Second Amended Complaint, ECF No. 17, is **DISMISSED with prejudice**. The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Maus's Motion for Temporary Restraining Order, ECF No. 18, Motion for Temporary Restraining Order, ECF No. 21, Motion to Appoint Counsel, ECF No. 22, Third Amended Complaint, ECF No. 23, Motion to Transfer Case, ECF No, 24, and Motion for Reconsideration, ECF No. 25, are **DENIED** as moot.

Dated at Milwaukee, Wisconsin on October 22, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge