UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN MAUS,

        Plaintiff,

        v.                                    Case No. 25-cv-1146-bhl

STEPHANIE OLMSTED,

        Defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION

On August 4, 2025, Plaintiff Brian Maus, proceeding without an attorney, filed a civil rights complaint and a motion to proceed *in forma pauperis* (IFP). (ECF Nos. 1 & 2.) Maus's complaint alleges that Defendants Stephanie Olmsted, LeeAnn Raab, Dana Wszalek, Michelle Hubbard, and others, have conspired to wrongfully accuse him of sexual misconduct. (ECF No. 1.) Maus filed an amended complaint on September 5, 2025. (ECF No. 14.) Magistrate Judge Dries screened and dismissed Maus's amended complaint without prejudice, denied his other motions, did not rule on his motion to proceed IFP, and granted Maus leave to file a second amended complaint. (ECF No. 16.) Maus then filed a second amended complaint and a motion for a temporary restraining order. (ECF Nos. 17 & 18.) On October 3, 2025, Magistrate Judge Dries recommended the matter be dismissed as frivolous and for failing to state a claim. (ECF No. 19.) On October 22, 2025, the Court adopted Magistrate Judge Dries's report and recommendation, dismissed Maus's second amended complaint, denied his outstanding motions as moot, and granted his motion to proceed IFP. (ECF No. 27.) On November 17, 2025, Maus filed a motion for reconsideration, objections to the Court's jurisdiction, and a declaration. (ECF Nos. 37–39.) The Court will deny Maus's motion for reconsideration.

## ANALYSIS

Federal Rule of Civil Procedure 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. To prevail, the movant must clearly establish "(1) that the court committed a manifest error of law or fact, or (2) that newly

discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012). A manifest error of law refers to the disregard, misapplication, or misidentification of controlling precedent. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Parties may not use a motion for reconsideration to advance new arguments or theories that they should have raised before the Court rendered a judgment, or to present evidence that they could have presented earlier. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)).

Maus's motion for reconsideration argues that the Court does not have jurisdiction and that the two judges assigned to his case are involved in a criminal conspiracy targeting him. (ECF No. 37.) Because these arguments are frivolous and unrelated to the dismissal of the underlying case, Maus's motion for reconsideration will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, (ECF No. 37) is **DENIED.**

Dated at Milwaukee, Wisconsin, on December 1, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
